### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **BRAD MELEY,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MESA AIRLINES, INC.,** | § | **CIVIL NO. 1:21-CV-397-LY** |
| **INDIVIDUALLY AND D/B/A** | § | |
| **AMERICAN EAGLE AIRLINES, INC.,** | § | |
| **AND D/B/A AMERICAN EAGLE,** | § | |
| *Defendants* | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
     **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion to Remand or, in the Alternative, Motion to Dismiss, filed June 4, 2021 (Dkt. 9); Plaintiff's Response to Defendants' Motion to Remand, or, in the Alternative, Motion to Dismiss, filed June 23, 2021 (Dkt. 11); and Defendants' Reply in Further Support of Motion for Remand or, in the Alternative, to Dismiss, filed June 29, 2021 (Dkt. 13). On June 24, 2021, the District Court referred the motions and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 12.

### I.       General Background

*Pro se* Plaintiff Brad Meley alleges that he suffered personal injuries while he was a passenger on a Mesa Airlines flight from Austin, Texas to Phoenix, Arizona on October 23, 2017. Specifically, Plaintiff alleges that he suffered injuries after a beverage cart struck his knee during the flight. On October 11, 2019, Plaintiff filed this negligence suit in Travis County Court at Law Number One ("State Court") against Defendants Mesa Airlines, Inc., d/b/a American Eagle

Airlines, Inc., and d/b/a American Eagle. Dkt. 7.[1] In his Original Petition, Plaint alleges Texas state common law claims for negligence, negligence per se, negligent supervision, negligent and/or intentional infliction of emotional distress, breach of contract, bad faith, breach of the duty of good faith and fair dealings, respondeat superior, and "joint venture/partnership/co-principals." *Id.* ¶ 106. Plaintiff's Original Petition seeks $330,000 in monetary damages for past and future medical expenses, pain and suffering, emotional distress, and mental anxiety.

On April 7, 2021, Defendants filed a motion for summary judgment in the State Court, arguing that they were entitled to summary judgment on all of Plaintiff's claims pursuant to Rule 166a of the Texas Rules of Civil Procedure. Dkt. 5-2. Plaintiff requested that a hearing on the motion "not be set until June due to his personal and business calendar conflicts." Dkt. 9 at 3. Defendants agreed to the extension and requested that the hearing be scheduled for June 2, 2021. Dkt. 5-3. However, on May 5, 2021, Plaintiff removed this case to federal court on the basis of federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332. Dkt. 1-2. Plaintiff also attached an amended complaint in which he asserts all of his previous state law claims and adds a new claim that Defendants violated various federal regulations. Dkt. 1. In addition, Plaintiff now seeks "no less than $1,000,000 and up to $10,000,000 as a result of Defendants' actions" and an additional $2 million in punitive damages. *Id.* ¶ 88.

On June 4, 2021, Defendants filed the instant Motion to Remand, or in the Alternative, Motion to Dismiss under 28 U.S.C. § 1447(c), arguing that this case should be remanded for lack of subject matter jurisdiction because Plaintiff's removal was improper under 28 U.S.C. § 1441(a).[2]

---

[1] Plaintiff also filed suit against "John Doe Flight Attendant A" and "Jane Doe Flight Attendant B," but those defendants were subsequently dismissed from the state court action. Dkt. 7-38.

[2] After Defendants filed their Motion to Remand, the State Court granted Defendants' motion for summary judgment. Dkt. 14-1.

Defendants argue that Plaintiff's removal was improper because only defendants are permitted to remove a case from state to federal court under Section 1441(a). The Court agrees.

## II.    Legal standard

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine whether jurisdiction is present for removal, courts consider the claims in the state court petition as they existed at the time of removal. *Id.* "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*

Under 28 U.S.C. § 1447(c), a district court must remand a removed case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." On a motion for remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* To determine whether jurisdiction is present, courts consider the claims in the state court petition as they existed at the time of removal. *Id.*

## III.    Analysis

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U. S. 375, 377 (1994) (internal citations omitted). Congress has granted federal courts jurisdiction over two general types of cases: cases that arise under federal law ("federal question jurisdiction"), and cases in which the amount in controversy exceeds $ 75,000

and there is diversity of citizenship among the parties ("diversity jurisdiction"). 28 U.S.C. §§ 1331 and 1332(a); *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Congress also has enacted statutes that permit parties to remove to federal court cases originally filed in state court. *Home Depot*, 139 S. Ct. at 1746. The general removal statute, 28 U.S.C. § 1441(a), provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The removal statute is to be given a "strict construction." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).

Because Section 1441(a) refers only to removal by "the defendant or the defendants," the Supreme Court has held repeatedly that a plaintiff may not remove a case to federal court under Section 1441(a). *Chicago, Rock Island & Peoria R.R. Co. v. Stude*, 346 U.S. 574, 580 (1954) ("Here the railroad is the plaintiff under 28 U.S.C. § 1441(a) and cannot remove."); *Shamrock Oil*, 313 U.S. 106-09 (holding that the plaintiff may not remove a case from state to federal court);[3] *see also Home Depot*, 139 S. Ct. at 1751 (holding that Section 1441(a) does not permit removals by third-party counterclaim defendants). As the Supreme Court reasoned in *Shamrock Oil*, "the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction." 313 U.S. at 106.

---

[3] *Accord Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 698 (5th Cir. 2017) (holding that employer had no right to remove case to federal court because it was original plaintiff); *Cooper v. City of Plano, Tex.*, 260 F. App'x 680, at *1 (5th Cir. 2007) (per curiam) ("A plaintiff may not remove an action from state court to federal district court."); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) (noting that "only a defendant, never a plaintiff, may remove a civil action from state to federal court").

Based on this precedent, Plaintiff's removal to federal court under Section 1441(a) was improper and the Court lacks subject matter jurisdiction over this matter. When there is no subject matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Osborn v. Haley*, 549 U.S. 225, 240 (2007) (stating that Section 1447(c) is mandatory). Accordingly, Defendants' Motion to Remand should be granted.

## IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Remand (Dkt. 9) and **REMAND** this action to Travis County Court at Law Number One.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 16, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE